IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CECILIA GALARZA,

    Plaintiff,

v.                                                               1:15-cv-01081-JCH-LF

DIANE DICK, individually, and
CAPELLA UNIVERSITY, INC.,

    Defendants.

**ORDER ADOPTING**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition ("PF&RD"). Doc. 18. Plaintiff Cecilia Galarza filed objections to the PF&RD. Doc. 19. Diane Dick and Capella University (collectively "Capella defendants") did not file objections; however, they did file a response to Ms. Galarza's objections. Doc. 20.[1] Having reviewed the PF&RD, plaintiff's objections and the Capella defendants' response, I find that Ms. Galarza's objections are not well taken and will be overruled. Accordingly, I adopt the magistrate judge's recommendations.

**I.**     **Standard of Review**

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

---

[1] Ms. Galarza filed a reply to defendants' objections. Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). The rule provides for objections to the proposed findings and recommendations and a response to the objections by another party. There is no provision for a reply to the response. *Id*. Accordingly, the Court will not consider Ms. Galarza's reply.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("One Parcel"). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." *Id.* at 1060. In addition to requiring specificity in objections, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Because Ms. Galarza is proceeding pro se, I must construe her pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

**II.     Discussion**

Ms. Galarza first objects to the magistrate judge's PF&RD on the basis that she does not believe the magistrate judge construed her complaint broadly, as required for a pro se plaintiff. Doc. 19 at 2.  Without more than this conclusory statement, the Court must overrule this objection.  The magistrate judge properly accepted the allegations contained in Ms. Galarza's complaint as true.  Doc. 18 at 1–3.  Ms. Galarza does not point to any instance where the magistrate judge failed to construe her complaint broadly or failed to view the allegations in the light most favorable to her.

Ms. Galarza next objects to the magistrate judge's refusal to consider materials beyond the pleadings.  Doc. 19 at 2.  She asks the court to "accept my objections and the information provided in my response to the defendant's motion to dismiss as the information in both of those materials support the facts of my case." *Id*.  The bulk of Ms. Galarza's response to the motion to dismiss and her objections to the PF&RD contain a recitation and elaboration of the allegations contained in her complaint.  *See* Docs. 14, 19.  Ms. Galarza may not, however, simply amend her complaint by adding facts or legal theories to each document she files.  At this point in the proceedings, she is required to move to amend her complaint pursuant to the Federal Rules of Civil Procedure and this district's local rules.  *See* FED. R. CIV. P 15; D.N.M.LR-Civ. 7, 15.1; *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.").  The magistrate judge did not err by refusing to consider materials outside of the pleadings, and this objection is overruled.

Ms. Galarza makes no other specific objections for the Court to address.

Much of the Capella defendants' response addresses the merits of additional allegations Ms. Galarza makes in her filings. As the Court is not going to address any materials outside of the pleadings, it will not address the Capella defendants' arguments regarding these additional allegations.

The Capella defendants urge the Court to dismiss Ms. Galarza's complaint with prejudice, arguing that "Plaintiff's claims in this case are so remarkably devoid of factual matter to support a claim on any basis, dismissal with prejudice would be appropriate." Doc. 20 at 9. Dismissal of a case under FED. R. CIV. P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Expl. Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Accordingly, in this district, "courts typically do not dismiss a claim under FED. R. CIV. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations." *Id*. In pro se cases, dismissal for failure to state a claim with prejudice is proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (internal citation omitted); *see also Hall*, 935 F.2d at 1110. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). If a pro se plaintiff's factual allegations are close to stating a claim but missing some element that may not have occurred to him or her, the Court should permit the plaintiff to amend. *Gee*, 627 F.3d at 1195.

Here, defendants appear to concede that if Ms. Galarza articulates a breach of a specific contractual promise or representation, she may be able to state a claim for relief. *See* Doc. 20 at

4

4, 5. As there is no proposed amended complaint currently before the Court, the Court will adopt the magistrate judge's recommendation that Ms. Galarza be afforded an opportunity to move to amend her complaint. Futility arguments should be raised in response to a properly filed motion to amend and will be addressed at that time.

IT IS THEREFORE ORDERED that the Court overrules Ms. Galarza's objections and adopts Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition.

IT IS FURTHER ORDERED that the Court grants Capella University and Diane Dick's motion to dismiss (Doc. 8) and dismisses Ms. Galarza's complaint without prejudice. Ms. Galarza has 21 days from the date of the entry of this order to file a motion to amend her complaint pursuant to the Federal Rules of Civil Procedure and this district's local rules.

_____
UNITED STATES DISTRICT JUDGE